THE STATE, DEFENDANT IN ERROR, v. ISIDORE HAIMO-WICZ, PLAINTIFF IN ERROR.

Submitted October 1, 1940—Decided January 17, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the plaintiff in error, *James A. Coolahan.*

For the state, *Daniel O'Regan,* prosecutor of the pleas, and *William T. Cahill,* assistant prosecutor.

The opinion of the court was delivered by

PARKER, J. The case was submitted on briefs, and although there was no certificate of the entire record of the proceedings had upon the trial (*Pamph. L.* 1898, *p.* 915; *Comp. Stat.* 1910, *p.* 1863; *N. J. S. A.* 2:195-16) it was briefed for plaintiff in error on that basis. Counsel, being apprised of this omission, obtained leave to supply such certificate *nunc pro tunc,* and has undertaken to do so; but the certificate now before us differs in no essential respect from the return to the writ of error, which certified only "the record and proceedings * * * with all "things touching the same." The language of the certificate reads: "the record and proceedings mentioned in the within writ of error, with "all things touching the same." This is no authentication of "the entire record of the proceedings had upon the trial;" and without such authentication the review is only by strict writ of error. *State* v. *Clark,* 75 *N. J. L.* 473; *State* v. *Weber,* 77 *Id.* 580; *State* v. *Armstrong,* 88 *Id.* 280. Moreover, the case contains only assignments of error, and no specification of causes for reversal, as provided by section 137 of the Criminal Procedure act, now *N. J. S. A.* 2:195-18. Consequently, our review is limited properly to assignments of error based on the record, and a bill of exceptions. *State* v. *Lyons,* 70 *Id.* 635, 639.

But we find no valid exception to consider. There are six assignments of error, of which the last two do not challenge any judicial action, and hence need no consideration. The first is that the verdict is against the weight of evidence. This, while by statute cognizable as a cause for reversal where the entire record of proceedings at the trial is certified, is not considered on strict writ of error. The second is that the court refused to quash the indictment for certain reasons, and the third, similar refusal for other reasons. Apart from the rule that such a motion is addressed to the discretion of the court and not reviewable on strict writ of error (*State* v. *Pisaniello,* 88 *N. J. L.* 262) we note that no exception to the denial was even prayed, let alone sealed.

Finally, that the court refused to direct a verdict of acquittal "for the reasons urged on the motion to quash." To this there are at least two answers. 1. The motion to direct

was not for those reasons, but for alleged defects in the evidence: and 2, an exception to the denial, though prayed, was not sealed, and hence nugatory, as the common law rule still obtains on this point in criminal procedure. That rule was applied in such cases as *Lutes* v. *Alpaugh,* 23 *N. J. L.* 165, and *Bostwick* v. *Willett,* 72 *Id.* 21.

The judgment is affirmed.